J. QUINTUS COHEN, as Trustee of the Estate of JOHN T. LEE, Bankrupt, Appellant, v. MORTIMER H. WAGAR, as President of the CONSOLIDATED STOCK AND PETROLEUM EXCHANGE OF NEW YORK, Respondent.

PLEADING — DEMURRER.  A complaint, in an action brought by the trustee of a bankrupt to recover moneys collected by a stock exchange association from debtors of the bankrupt, is not demurrable because it does not allege that such moneys were not paid to the bankrupt or to his assignee for the benefit of creditors, whom the trustee superseded, where the association could not properly pay the funds so collected to the bankrupt, for the reason that the same were collected after he had made the assignment, and it must be assumed from the complaint that they were not paid to the assignee.

*Cohen* v. *Wagar*, 93 App. Div. 613, reversed.

(Argued October 18, 1905; decided October 27, 1905.)

APPEAL from a judgment entered May 31, 1904, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which affirmed a final judgment in favor of defendant entered upon an order of said Appellate Division which reversed an interlocutory judgment of Special Term overruling a demurrer to the complaint and sustained such demurrer.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Michel Kirtland* for appellant.  The complaint states facts sufficient to constitute a cause of action. (*Sage* v. *Culver*, 147 N. Y. 245; *Zabriskie* v. *Smith*, 13 N. Y. 330; *Marie* v. *Garrison*, 83 N. Y. 14; *Sanders* v. *Soutter*, 126 N. Y. 193; *Triggs* v. *S. P. Co.*, 179 N. Y. 153; *Kain* v. *Larkin*,

141 N. Y. 150; *Milliken* v. *W. U. Co.*, 110 N. Y. 403; *R. Ry. Co.* v. *Robinson*, 133 N. Y. 242–246; *Coatsworth* v. *L. V. Ry. Co.*, 156 N. Y. 451, 457; *Williamson* v. *Wagar*, 90 App. Div. 186.)

*Francis D. Pollak* for respondent. In an action for money had and received a proper allegation of non-payment is essential, and a complaint that lacks such an allegation is demurrable. (*Conkling* v. *Weatherwax*, 181 N. Y. 258; *Tracy* v. *Tracy*, 59 Hun, 1; *Bacon* v. *Chapman*, 85 App. Div. 309; *London Fire Ins. Co.* v. *Liedes*, 105 Cal. 204.) The allegation of non-payment in this complaint is defective, because it only covers part of the time during which defendant might have paid over the moneys collected by it. (*Randolph* v. *Scruggs*, 190 U. S. 533; *Lent* v. *N. Y. & M. R. R. Co.*, 130 N. Y. 504.) The allegation of indebtedness in the complaint is defective. Its statement that the defendant received moneys " to the use of the estate of John T. Lee " is not sufficient to show that defendant ever became indebted to Lee or Lee's assignee. (*Lienan* v. *Lincoln*, 2 Duer, 670; *Livingston* v. *Kent Co.*, 87 Hun, 257; *Clark* v. *Dillon*, 97 N. Y. 370; *Golob* v. *Pasinsky*, 178 N. Y. 458; *Conger* v. *Judson*, 69 App. Div. 169; *Hammel* v. *Washburn*, 49 App. Div. 121; *Radford* v. *Radford*, 40 App. Div. 10; *Brown* v. *E. P. S. M. Co.*, 44 App. Div. 598.)

Haight, J. The plaintiff was appointed trustee in bankruptcy of the estate of John T. Lee on the 23d day of September, 1901, upon the petition of a creditor, bearing date August 27th, 1901. The Consolidated Stock and Petroleum Exchange is an unincorporated association organized under the statute.

On the 9th day of May, 1901, John T. Lee, being then insolvent, made a general assignment for the benefit of creditors to one George Buckmaster, who accepted the trust and entered upon his duties as such assignee, but was superseded by the appointment of the plaintiff as trustee in the bank-

ruptcy proceedings. The complaint alleges that subsequent to the assignment made for the benefit of creditors, the Consolidated Stock and Petroleum Exchange through its officers or agents "collected, had and received from divers persons, firms and corporations then indebted to said John T. Lee certain sums of money amounting in the whole to the sum of $13,287.09 * * * which several sums were collected, had and received to and for the use of the estate of said John T. Lee and which rightfully belonged to said estate and now belongs to plaintiff as trustee thereof; that heretofore and before the commencement of this action the aforesaid several sums and the total amount thereof were duly demanded by the plaintiff from said association and no part thereof has been paid or turned over to the plaintiff."

There is no allegation in the complaint that the moneys so collected, had and received were not paid to the bankrupt or his assignee. To this complaint the defendant interposed a demurrer upon the ground that it does not state facts sufficient to constitute a cause of action against the defendant, and the same has been sustained in the courts below upon the ground that there was no allegation in the complaint that the moneys were not paid over by the defendant to Lee or his assignee.

The defendant could not properly pay the funds to Lee, the bankrupt, for the reason that, under the allegations of the complaint, the same were had and received after Lee had made the assignment to Buckmaster for the benefit of creditors. The allegations of the complaint do not disclose the circumstances under which the moneys were paid over to the defendant, so that we are unable to determine whether they were received on deposit, or in trust, or as the agent of the insolvent. The complaint, however, as we have seen, alleges that the plaintiff made a demand upon the association for the payment of the moneys to him and we must, therefore, assume that a demand was necessary, and consequently that the circumstances under which the defendant held the moneys were such that they were not due and

payable until demanded by the proper person or officer. This being so, the presumption arises that they were not paid until due, and consequently that they were not paid to the assignee, and, therefore, the allegation of the complaint that they were not paid to the plaintiff upon his demand is sufficient.

The judgment should be reversed and judgment ordered entered for plaintiff on demurrer, with costs in all courts, with leave to the defendant to answer within twenty days upon the payment of costs.

Cullen, Ch. J., Gray, Bartlett, Vann and Werner, JJ., concur; O'Brien, J., absent.

Judgment reversed, etc.